**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1645
_____

SHENG-WEN CHENG,
                                        Appellant

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-22-cv-07442)
District Judge: Honorable Christine P. O'Hearn

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
on October 3, 2024

Before: BIBAS, PORTER, and MONTGOMERY-REEVES, <u>Circuit Judges</u>

(Opinion filed: October 16, 2024)

_____

OPINION[*]

_____

PER CURIAM

Sheng-Wen Cheng appeals the District Court's order granting Appellee's motion to dismiss. For the reasons that follow, we will summarily affirm the District Court's order.

The procedural history of this case and the details of Cheng's claims are well known to the parties, set forth in the District Court's opinion, and need not be discussed at length. Briefly, Cheng, an inmate at a federal prison, filed a document titled "complaint in the nature of declaratory judgment and mandamus." He alleged that he had been assaulted by another inmate. A Special Investigative Supervisor (SIS) interviewed him and promised that he would refer the assailant to the FBI for criminal investigation. Cheng stated that the assailant was not referred to the FBI. Cheng asserted that he spent three months in a Special Housing Unit (SHU) and was sometimes put in the same enclosure with the assailant during recreation.[1] He also contended that he was never informed of his rights as a crime victim. As relief, Cheng requested declaratory and injunctive relief under the Crime Victims' Rights Act (CVRA). *See* 18 U.S.C. § 3771. Appellee filed a motion to dismiss the

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] In a response to an inmate request to staff by Cheng, the warden noted that a housing officer reported that Cheng had been involved in an "unwitnessed assault" and was transported to a hospital for treatment of his injuries. After addressing Cheng's complaints regarding his medical care and his being housed in an SHU, the warden noted that "as the SIS investigation into your assault has been completed, you will remain housed in the SHU pending transfer to an institution commensurate with your security needs." *See* ECF #35-4 at 1.

2

complaint for failure to state a claim. The District Court granted the motion, and Cheng filed a timely notice of appeal. The parties were informed that we would consider summary action, and Cheng filed argument in support of his appeal.

Summary action is appropriate if there is no substantial question presented in the appeal. *See* 3d Cir. L.A.R. 27.4. We may summarily affirm a District Court's decision on any basis supported by the record. *Murray v. Bledsoe*, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

On appeal, Cheng narrows the arguments made in his complaint. He contends that the plain language of subsections (a)(5) and (a)(8) of § 3771 makes clear that a crime victim has these rights prior to the filing of an indictment. He explicitly notes that he is not pursuing other CVRA rights on appeal. **Appellant's Resp. to summary action at 1 n.1.**

Subsection (a)(5) provides that a crime victim has "[t]he reasonable right to confer with the attorney for the Government in the case." We need not decide whether (a)(5), by its own terms, applies before there is a "case." *Cf. In re Wild*, 994 F.3d 1244, 1257 (11th Cir. 2021) (en banc) (concluding that CVRA does not allow a free-standing civil action in the absence of an underlying proceeding); *United States v. Moussaoui*, 483 F.3d 220, 234 (4th Cir. 2007) (explaining that "[t]he rights codified by the CVRA, however, are limited to the criminal justice process"). This is because, contrary to Cheng's argument, ordering an attorney for the Government to confer with him would indeed impair the prosecutor's discretion. *See* 18 U.S.C. § 3771(d)(6) (providing that the CVRA shall not be construed to "impair the prosecutorial discretion of the Attorney General or any officer under his direction."); *Baer v. United States*, 722 F.3d 168, 175 (3d Cir. 2013) (noting that discretionary

decisions include whether to devote resources to an investigation); *Wild*, 994 F.3d at 1262–63 (concluding that allowing a victim to challenge a prosecutor's decision to not bring charges would be a quintessential impairment of prosecutorial discretion). Thus, even if Cheng could bring an action without criminal proceedings underway, his requested relief would be barred by § 3771(d)(6).[2]

For the above reasons, as well as those set forth by the District Court, we will summarily affirm the District Court's order. *See* Third Circuit I.O.P. 10.6.

---

[2] Cheng does not describe any relief he is requesting under subsection (a)(8), which provides that a crime victim has "[t]he right to be treated with fairness and with respect for the victim's dignity and privacy." In his complaint, he complained that he was lied to when he was told that the FBI would investigate the assault and that he was treated horribly in the SHU.

4